**LEGAL GP**
Mitch Kalcheim (SBN: 175846)
725 S. Figueroa Street
Suite 1750
Los Angeles, CA 90017
Telephone:   310-980-7749
EMAIL: MHK@LEGALGP.COM

Attorneys for PLAINTIFF

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, CENTRAL DIVISION

| | |
|---|---|
| | **Case No. 2:25-cv-03586** |
| SUBPLOT STUDIO, LLC, PLAINTIFF, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:** |
| vs. | |
| BROADWAY LICENSING; | **1. COPYRIGHT INFRINGEMENT IN VIOLATION OF 17 U.S.C. § 101, *ET SEQ.*** |
| BROADWAY LICENSING GLOBAL | |
| DOES 1-50 | **2. CONVERSION** |
| DEFENDANTS. | |

- 1 -

1

2    **TO THE COURT, ALL PARTIES, AND THEIR ATTORNEY(S)**

3    **OF RECORD:**

4          PLAINTIFF Subplot Studio, LLC (hereinafter "PLAINTIFF" or

5    "SUBPLOT"), through its attorneys, hereby alleges, based upon information and

6    belief, against DEFENDANTS BROADWAY LICENSING  and BROADWAY

7    LICENSING GLOBAL (together "BLG") and DOES 1-50 (together with BLG

8    "DEFENDANTS"), as follows:

9                                **INTRODUCTION**

10          1.      Creative theft in the entertainment industry has become rampant. Its

11    perpetrators, in this case, one of Broadway's premier licensing companies, pillage

12    the labor of hard-working creators while shamelessly exploiting this work for their

13    benefit without proper payment.

14          2.      This blatant theft of the creative victims' intellectual property is more

15    widespread than ever in the graphic art industry, where innocent artists are routinely

16    left as collateral damage. Therefore, this case.

17          3.      Make no mistake, this case represents a clear instance of blatant and

18    errant theft of SUBPLOT'S Intellectual Property ("SUBPLOT'S IP"), including but

19    not limited to 49 registered copyrights.  On April 15, 2025, and April 22, 2025,

20    PLAINTIFF sent a formal demand that BLG cease utilizing SUBPLOT'S IP.

21          4.       In response to PLAINTIFF'S demands that BLG pay for its use, BLG

22    has created a fantasy, fit for Broadway, in which it claims to have licensed the rights

23    to use PLAINTIFF'S artwork in perpetuity, free of charge. This assertion is

24    untenable and made in bad faith.

25          5.      Indeed, BLG's theft is audaciously bold.  One only needs to conduct a

26    cursory review of the signed written agreement between BLG and SUBPLOT, as

27    well as the correspondence between the parties regarding that agreement, to reach

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

/Users/Mitchkalcheim/Desktop/LEGAL GP /CLOSED FILES /2016 & BEFORE/Civil-Kalcheim Law Group/Active Civil Library/Finerman/Copyright Infringement Claim/Copyright Infringement Complaint.Docx

the unsurprising conclusion that SUBPLOT owns its artwork and that BLG is attempting to steal it. BLG's infringement is indeed unmistakable.

6.    BLG has already profited significantly from its exploitation of SUBPLOT's work.

7.    SUBPLOT therefore seeks redress for BLG's egregious and blatant violation of PLAINTIFF'S intellectual property rights and seeks, among other remedies, monetary compensation and attorneys' fees.

8.    PLAINTIFF also seeks an injunction enjoining BLG from further distributing and exploiting its artwork,as well as requiring BLG to take all measures to  ensure that BLG's third-party customers also cease and desist from using PLAINTIFF'S artwork.  To date BLG has willfully ignored SUBPLOT's demands

**THE PARTIES**

9.    SUBPLOT is a California LLC with its principal place of business at 804 Pasatiempo Drive, San Luis Obispo, California 93405.

10.    BLG is a global leader in Broadway licensing and distribution.  Founded in 2017, BLG already represents 8 of the top 10 most produced plays in professional theaters and 9 of the top 10 most produced plays in high schools. Additionally, with SUBPLOT'S invaluable assistance, BLG now holds the rights to license "Harry Potter and the Cursed Child."

11.    PLAINTIFF alleges that other fictitious defendants, not previously identified by name but designated as Does 1 through 50, may be liable or responsible in whole or in part for the allegations contained herein. Once the true names and capacities of these Doe DEFENDANTS are ascertained, PLAINTIFFS will seek leave to amend this Complaint and substitute their true names and capacities.

12.    PLAINTIFF alleges that each of the DEFENDANTS named herein as Does 1 through 50, inclusive, is intentionally, negligently or otherwise

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

legally responsible in some manner, either vicariously or by virtue of his, her or its agents, representatives, servants or employees, for the acts and occurrences alleged herein, and has thereby proximately caused injury or damage to PLAINTIFF.

13.     PLAINTIFF alleges, that at all times herein mentioned, the DEFENDANTS, and each of them, were the agents, partners, alter egos, joint venturers and/or employees of each other, and at all times were acting within the scope and course of said agency, partnership, joint venture, alter ego relationship and/or employment, and with full knowledge and consent of each other. In so doing, the DEFENDANTS, and each of them, acted within the scope of such relationship or ratified the acts of the others, and is jointly and severally liable as such. PLAINTIFFS further believe and allege that DEFENDANTS, and each of them, are the alter egos of the other, and that there is such a unity of interest and ownership between and among DEFENDANTS that such interests have become intertwined and inseparable.

## JURISDICTION AND VENUE

14.     This is a civil action arising under the laws of the United States relating to copyrights (17 U.S.C. § 101, *et seq*.).  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. Sections 1331, 1332 and 1338(a).  This Court has supplemental jurisdiction over the Second Cause of Action pursuant to 28 U.S.C. Section 1367.

15.     Personal jurisdiction over DEFENDANTS is proper because they have maintained systematic and continuous contacts with California, including but not limited to, directing its business activities at the California market.

16.     Venue is proper in this district pursuant to 28 U.S.C. § 1391, as DEFENDANTS are subject to personal jurisdiction and, therefore, are deemed to be found in this District and because a substantial portion of the events and acts complained of occurred within this District.

## FACTUAL ALLEGATIONS

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

17.    SUBPLOT is a boutique graphic arts studio.  SUBPLOT has created a successful niche business where it collaborates with theatrical licensing companies to produce professionally designed artwork that is license-compliant for licensees to use. SUBPLOT artwork makes promoting a musical or play easier than ever.  By using an intuitive online customization tool, an authorized licensee can create and download a poster for their next show in just minutes.  Whether a licensee is seeking a show logo, an easy-to-customize poster, layered artwork, or other marketing resources, SUBPLOT has already developed the appropriate product.

18.    On or about May 30, 2018, SUBPLOT and BLG entered into a written Master Contract for Services and accompanying Memeorandum of Understanding (hereafter referred to as the "2018 MSC"). This Agreement between the PARTIES, covers the rights and obligations relating to SUBPLOT'S IP and defines BLG's rights relating to the use of SUBPLOT'S IP.  A true and correct copy of the 2018 MSC is annexed hereto as Exhibit A and is incorporated by reference herein.

19.    Section 4.01 of the 2018 MSC states:

**4.01. Nature and Vesting.** Ownership, copyright, moral rights, and all other rights in and to any papers, designs, drawings, artwork, source or object code, design or product documentation, etc. shall at all times remain the property of CONTRACTOR [SUBPLOT] and in connection with this agreement shall immediately upon creation vest in and remain the property of CONTRACTOR. For the duration of this agreement, CLIENT [BLG] will be granted exclusive rights to use of papers, designs, drawings, artwork, source or object code, design or product documentation, etc.

20.    In addition, Section 5.01 of the 2018 MSC provided.

**5.02. Termination Upon Notice.** This Agreement may be terminated by either party at any time, for cause or no cause, upon the giving of 30 days written notice to the other party.

21.    Thus, for the duration of the contract between Subplot and BLG, BLG was granted exclusive rights to use SUBPLOT'S IP.  However, upon termination of the 2018 MSC, BLG had no rights to further use SUBPLOT IP.

22.    The 2018 MSC contains an integration clause which states:

**6.01. Entire Agreement of the Parties .**

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

/Users/Mitchkalcheim/Desktop/LEGAL GP /CLOSED FILES /2016 & BEFORE/Civil-Kalcheim Law Group/Active Civil Library/Finerman/Copyright Infringement Claim/Copyright Infringement Complaint.Docx

A. This Agreement supersedes any and all agreements, either oral or written, between the parties hereto with respect to the rendering of services by CONTRACTOR for CLIENT, and, except for the terms of individual Work Orders or Memoranda of Understanding contemplated to be executed subsequently from time to time, contains all of the covenants and agreements between the parties with respect to the rendering of such services in any matter whatsoever. Each party to this Agreement acknowledges that no representations, inducements, promises, or agreements orally or otherwise, have been made by any party, or anyone acting on behalf of any party, which are not embodied herein, and that no other agreement, statement, or promise not contained in this Agreement shall be valid or binding. Any modification of this Agreement will be effective only if it is in writing signed by the party to be charged.

23.    On April 1, 2025 **BLG** terminated the 2018 MSC Agreement with SUBPLOT.

24.    In response, SUBPLOT attempted to negotiate a settlement that would permit BLG to continue using SUBPLOT artwork in exchange for a monetary payout.  For its part, BLG was uninterested. Apparently, BLG is only interested in continuing to use SUBPLOT artwork without compensation to SUBPLOT. From at least April 15, 2025, to the present, BLG has been utilizing SUBPLOT IP without authorization and in violation of its copyrights.

25.    On April 15, 2025, SUBPLOT sent a cease-and-desist letter demanding that BLG immediately stop using SUBPLOT'S IP. Instead of complying with this demand, BLG has presented a fantastical narrative suggesting that, through the actions of the PARTIES, the 2018 MSC was modified and that BLG has obtained a perpetual license for SUBPLOT'S IP.

26.    Specifically, BLG has asserted that an unsigned 2021 Draft Agreement is in the document that governs the rights and responsibilities between the PARTIES.  Of course, this contention is contradicted by numerous emails and correspondence from BLG to SUBPLOT. As well as BLG's own actions.

27.    For example, in March 2023, BLG executives Rachel Keimach and Sean Cercone traveled to San Luis Obispo, California, to meet with SUBPLOT executives to discuss future work and attempt to renegotiate the 2018 MSC.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
/Users/Mitchkalcheim/Desktop/LEGAL GP /CLOSED FILES /2016 & BEFORE/Civil-Kalcheim Law Group/Active Civil Library/Finerman/Copyright Infringement Claim/Copyright Infringement Complaint.Docx

Although the discussions were cordial, no new agreements were reached. In fact, it was expressly decided that the 2018 MSC would remain in full force and effect until a new signed agreement could be reached.

28.    In October 2023, BLG executive Jeffrey Kielholtz sent a meeting invitation to SUBPLOT executives to arrange a meeting to ***"discuss renegotiation of the SUBPLOT agreement with BLG."***

29.    In April 2024, Jeffrey Kielholtz sent an email attempting to renegotiate the 2018 MSC and even went so far as to  attach a proposed amendment of the 2018 MSC for SUBPLOT's consideration and signature.

30.    Overall, BLG's assertion that any contract, apart from the 2018 MSC contract, exists regarding SUBPLOT's IP and BLG's use of that IP is made in bad faith and further demonstrates BLG's willful violation and wanton disregard for copyright laws.

## **FIRST CAUSE OF ACTION**

### **(Copyright Infringement in violation of 17 U.S.C. 101, *et seq.*)**

31.    SUBPLOT hereby incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

32.    PLAINTIFF is the exclusive owner of the copyrighted artwork and images listed in Appendix A, which are attached hereto.

33.    PLAINTIFF has applied for and paid all necessary fees to obtain a Certificate of Copyright Registration for the artwork listed in Appendix A.

34.    At all relevant times, DEFENDANT has had access to the materials that are the subject of this case.

35.    BLG has refused SUBPLOT'S repeated demands to stop publishing PLAINTIFF'S copyrighted material.  Formal demands were made on April 15, 2025, and April 22, 2025.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

36.    The infringing acts of DEFENDANTS include, but are not limited to, the following:

a) BLG has reproduced SUBPLOT'S copyrighted works, including artwork, on its website and has distributed such works to the public worldwide, including California, in violation of PLAINTIFF'S exclusive rights under 17 U.S.C. §§ 106(1)-(3).

b) BLG has publicly displayed PLAINTIFF'S copyrighted works on their website in violation of PLAINTIFF'S exclusive rights under 17 U.S.C. § 106(5).

c) BLG maintains control of the following websites: www.broadwaylicensing.com, www.licensecursedchild.com, www.broadwayondemand.com, www.dramatists.com, www.playscripts.com, ("BLG'S WEBSITES") each of which displays infringing images.

37.    BLG's use of PLAINTIFF'S copyrighted materials on BLG'S WEBSITES has infringed and continues to infringe upon PLAINTIFF'S copyrights in those materials.

38.    BLG also uses PLAINTIFF'S copyrighted materials in a plethora of other ways, including but not limited to, utilizing SUBPLOT'S IP as cover artwork for hardcopy scripts and books, from which it derives revenue from the sale of each book.

39.    Accordingly, PLAINTIFF is entitled to actual damages under 17 U.S.C. § 504(a).

40.    BLG'S infringement of PLAINTIFF'S copyrights was, and continues to be, willful.

41.    Accordingly, PLAINTIFF is entitled to statutory damages under 17 U.S.C. § 504(c) of up to $150,000 per occurrence.

42.    PLAINTIFF is entitled to attorneys' fees and costs related to this matter under 17 U.S.C. § 505.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

43.    PLAINTIFF is entitled to injunctive relief under 17 U.S.C. § 502 to prevent DEFENDANTS from continuing to infringe upon his copyrights in the website materials.

## SECOND CAUSE OF ACTION

### (Conversion)

44.    PLAINTIFF hereby incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

d)At all times herein mentioned, PLAINTIFF was, and still is, the owner of significant portions of the content that appears on the BLG WEBSITES each of which displays infringing images.

45.    PLAINTIFF was, and still is, entitled to possession of a significant portion of the materials on the website.

46.    On or about April 15, 2025, DEFENDANTS took the copyrighted materials owned by PLAINTIFF by virtue of their control of the BLG WEBSITES and refusing to remove PLAINTIFF'S IP from BLG's WEBSITES and thus converted those materials to their own use.

47.    Between the time of DEFENDANTS' conversion of the aforementioned property for their own use and the filing of this action, PLAINTIFF has invested numerous hours and thousands of dollars consulting with his attorneys, exploring remedies, and sending correspondence to BLG and their attorneys requesting the return of PLAINTIFF'S copyrighted materials and/or the removal of content from DEFENDANTS' WEBSITES.

48.    DEFENDANTS' acts were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

49.    PLAINTIFF has suffered monetary damages as a result of DEFENDANTS' unlawful acts in an amount to be proven at trial.

50.    However, PLAINTIFF has no adequate remedy at law to compensate it fully for any future damages which will be caused by DEFENDANTS' further use

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

/Users/Mitchkalcheim/Desktop/LEGAL GP /CLOSED FILES /2016 & BEFORE/Civil-Kalcheim Law Group/Active Civil Library/Finerman/Copyright Infringement Claim/Copyright Infringement Complaint.Docx

of PLAINTIFF'S copyrighted materials, unless future unlawful acts of this kind are enjoined by this Court.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF demands judgment as follows:

    a.  For an order by the Court enjoining DEFENDANTS and their agents, servants, and employees, and all such persons and/or entities acting under, in concert with, or for them from using PLAINTIFF'S copyrighted  materials in connection with any of their products or in connection with the marketing, distribution or advertising of any of their services;

    b.  An order requiring DEFENDANTS to account for all profits received from DEFENDANTS' use of PLAINTIFF'S copyrighted works as provided by 17 U.S.C. § 504(b);

    c.  All actual damages suffered by PLAINTIFF as a result of DEFENDANTS' copyright infringement, as provided by 17 U.S.C. § 504(b), in an amount to be determined at trial;

    d.  Statutory damages as provided by 17 U.S.C. § 504(c) of not less than $150,000 per occurrence of infringement;

    e.  For exemplary or punitive damages against DEFENDANT for their oppressive, fraudulent, and malicious conduct;

    f.  Pre-judgment and post-judgment interest at the maximum rate allowable at law;

    g.  The costs and disbursements incurred by PLAINTIFF in connection with this action, including reasonable attorneys' fees and costs of suit as provided under 17 U.S.C. § 505; and

    h.  Such other and further relief as the Court deems just and proper.

### JURY TRIAL DEMANDED

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

/Users/Mitchkalcheim/Desktop/LEGAL GP /CLOSED FILES /2016 & BEFORE/Civil-Kalcheim Law Group/Active Civil Library/Finerman/Copyright Infringement Claim/Copyright Infringement Complaint.Docx

PLAINTIFF hereby demands a trial by jury.


DATED:  April 23, 2025

LEGAL GP

*Mitch H Kalcheim*

MITCH KALCHEIM
Attorneys for PLAINTIFF

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
/Users/Mitchkalcheim/Desktop/LEGAL GP /CLOSED FILES /2016 & BEFORE/Civil-Kalcheim Law Group/Active Civil Library/Finerman/Copyright Infringement Claim/Copyright Infringement Complaint.Docx

## APPENDIX A

Penelope

The Apiary

Latin History for Morons

An Octoroon

I Am A Camera

Cabin Chronicles

Rue

How to Get Away with a Murder Mystery

String

Christmas in Connecticut

Santa Claus: The Musical

The Colored Museum

Deep Blue Sound

46 Plays for America's First Ladies

Mambo Mouth

Mary Gets Hers

Bliss

Forthcoming

Elsewhere

The Bugs

Almost, Maine

The Old Man and The Old Moon

The Laramie Project

10 Ways to Survive the Zombie Apocalypse

Deadly

The Land of Forgotten Toys

Glitz

Hollywood Pinafore

Bed & Sofa

Diva

Denny the Dinosaur

The Gifts of the Magi

Thrill Me: The Leopold & Loeb Story

The Zombies: A Musical Spoof!

In Touch

The Dinosaur Musical

Ghost Brothers of Darkland County

Standup Shakespeare

Community Garden

- 12 -

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Late Bus

A Krampus Carol

Fast Food

Rotten Apples

Tiny Father

Freak

Ghetto Klown

Gruesome Playground Injuries

Gloria

Where We Belong

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
/Users/Mitchkalcheim/Desktop/LEGAL GP /CLOSED FILES /2016 & BEFORE/Civil-Kalcheim Law Group/Active Civil Library/Finerman/Copyright Infringement Claim/Copyright Infringement Complaint.Docx